1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PATRICK M. HARDY,                          )
                   Plaintiff,          )
                                  )
vs.                                        )
                                    )
GLOBALOPTIONS SERVICES, INC.,              )
                Defendant.          )
_____   )

Case No. 2:14-cv-00513-APG-CWH

**REPORT & RECOMMENDATION**

Presently before the court is Defendant GlobalOptions Services, Inc.'s Motion for Attorney's Fees (ECF No. 37), filed on October 20, 2015. Defendant filed an errata (ECF No. 39) to the motion on November 11, 2015. Plaintiff Patrick M. Hardy did not respond to the motion.

Also before the court is Defendant's Renewed Motion for Sanctions (ECF No. 38), filed on October 27, 2015. Defendant filed a notice of non-opposition (ECF No. 40) on November 20, 2015. Plaintiff Patrick M. Hardy filed a response (ECF No. 42) on December 8, 2015. Defendant filed a reply (ECF No. 45) on December 18, 2015.

Also before the court is Plaintiff's Motion to Vacate Order Vacating Early Neutral Case Evaluation (ECF No. 43), filed on December 8, 2015. Defendant filed a response (ECF No. 46) on December 18, 2015. Plaintiff did not file a reply.

## I.      BACKGROUND

The parties are familiar with the facts of this case and the court will repeat them here only as necessary to decide the pending motions. This is an employment dispute in which Plaintiff alleges age and disability discrimination and retaliation claims against Defendant, his former employer. (Compl. (ECF No. 7).) During discovery, Defendant filed a motion to compel Plaintiff's responses to interrogatories, requests for production of documents, and three releases for employment and medical records, which Plaintiff did not oppose. (Am. Mot. to Compel Discovery

(ECF No. 20).)  The court granted the motion, ordered Plaintiff to respond to Defendant's

discovery requests within 30 days, and ordered Plaintiff to show cause in writing why the court

should not award attorney's fees and expenses under Federal Rule of Civil Procedure 37(a)(5)(A)

to compensate Defendant for having to file the motion.  (Order (ECF No. 23).)  The court's order

explicitly warned Plaintiff that failure to follow the court's order may result in additional sanctions,

including dismissal of his case.  (*Id.* at 2.)  Plaintiff failed to comply with the court's order to show

cause, so the court set a show cause hearing.  (Order (ECF No. 24).)  In its order setting the show

cause hearing, the court once again warned Plaintiff that failure to comply with the court's order

may result in the dismissal of his case.  (*Id.* at 1.)  Defendant filed a response to the order to show

cause in which it requested sanctions for Plaintiff's failure to participate in discovery and to comply

with the court's orders.  (Def.'s Resp. to Order to Show Cause, or, in the Alternative, Mot. for

Sanctions (ECF No. 26).)

At the show cause hearing, which Plaintiff attended, the court set a new deadline of October

13, 2015, for Plaintiff to respond to Defendant's discovery requests.  (Mins. of Proceedings (ECF

No. 27).)  The court awarded attorney's fees and costs as a sanction for Plaintiff's failure to

participate in discovery.  (*Id.*)  The court further ordered the parties to meet and confer regarding

the amount of attorney's fees and costs that Plaintiff would be required to pay to Defendant to

compensate Defendant for having to bring the motion to compel discovery.  (*Id.*)  The court also

ordered the parties to meet and confer regarding whether an early neutral evaluation would be

appropriate in this case.  (*Id.*)

The parties met and conferred but were unable to reach an agreement regarding attorney's

fees.  (Def.'s Mot. for Atty's Fees & Costs (ECF No. 37) at 2-3.)  They also were unable to reach

an agreement regarding early neutral evaluation.  (Mot. for Relief from ENE (ECF No. 30) at 2.)

The court subsequently scheduled an early neutral evaluation conference.  (Order (ECF No. 33);

Order (ECF No. 35).)  On October 27, 2015, Defendant informed the court that Plaintiff failed to

respond to written discovery by the court-ordered deadline of October 13, 2015, and therefore

moved for dismissal sanctions.  (Def.'s Renewed Mot. for Sanctions (ECF No. 38) at 5.)  Given

that Plaintiff did not timely oppose Defendant's motion for sanctions, the court vacated the early

1   neutral evaluation conference.  (Order (ECF No. 41).)

2        Defendant now moves for attorney's fees and costs in the total amount of $8,279.69 for

3   having to file the motion to compel discovery.  (Def.'s Mot. for Atty's Fees & Costs (ECF No. 37);

4   Def.'s Errata to Mot. for Atty's Fees & Costs (ECF No. 39) at 2.)  Defendant also requests that the

5   court strike Plaintiff's complaint and dismiss the action under Federal Rule of Civil Procedure

6   37(b)(2) as a sanction for Plaintiff's failure to comply with the court's orders requiring Plaintiff to

7   respond to written discovery.  (Def.'s Renewed Mot. for Sanctions (ECF No. 38).)

8        Plaintiff responds that the only discovery request he received from Defendant was a

9   proposed release for medical and employment records, that Plaintiff had discussed the release with

10  Defendant, and that Plaintiff is willing to sign an amended release once it is provided to him.

11  Plaintiff further responds that he did not timely respond to Defendant's motion requesting dismissal

12  sanctions because he was not timely served with the motion.  Plaintiff states that going forward, he

13  will be using electronic filing, which should eliminate future issues regarding service and filing.

14  Finally, Plaintiff countermoves for the court to reschedule the early neutral evaluation conference

15  on the grounds that he did was not timely served with the motion for sanctions.

16       Defendant replies that Plaintiff was served with its requests for production of documents

17  and interrogatories in April 2015.  Defendant also argues that the requests for production of

18  documents and interrogatories were attached to Defendant's motion to compel discovery, were

19  referenced in Defendant's response to the court's order to show cause, and were discussed at the

20  show cause hearing, but that this is the first time Plaintiff has stated that he did not receive the

21  discovery requests.  Defendant further argues that Plaintiff was ordered to sign the release forms

22  that were provided to Plaintiff, not amended release forms.  As for the early neutral evaluation

23  conference, Defendant argues it should not be rescheduled given Plaintiff's ongoing failure to

24  participate in discovery and to comply with the court's orders.

25  **II.    ANALYSIS**

26       The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just,

27  speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  The

28  rules provide several mechanisms that allow courts to accomplish this goal through the use of

sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings.  Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated."  *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal."  *Id.*  Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).

Rule 37 governs discovery disputes, and like Rule 16, it provides for sanctions against a party that fails to comply with discovery orders: "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  Potential sanctions under Rule 37(b)(2)(A) include striking pleadings and dismissing an action.  Fed. R. Civ. P. 37(b)(2)(A)(iii), (v).  A court may impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties."  *Wanderer v. Johnston*, 910 F.2d 652, 655-56 (9th Cir. 1990) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)).  In determining whether to impose the sanction of dismissal, a court must weigh:  "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions."  *Wanderer*, 910 F.2d at 656 (quotation omitted).  The court has "great latitude" in fashioning sanctions under Rule 37.  *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985) (stating that the imposition of sanctions for failure to comply with discovery is reviewed under an abuse of discretion standard).

### A. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes" is of utmost importance in the rule of law. *Phenylpropanolamine*, 460 F.3d at 1227.  "[D]elay in reaching the merits, whether by way of

4

settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.* Here, Plaintiff failed to timely respond to Defendant's discovery requests. Plaintiff failed to respond to Defendant's motion to compel discovery. Plaintiff also failed to comply with the court's order requiring him to provide written discovery responses within 30 days from the court's order on Defendant's motion to compel, and he failed to show cause in writing why he should not be required to pay Defendant's attorney's fees and costs for having to bring the motion to compel. (*See* Order (ECF No. 23).) Plaintiff failed to comply with the second court-ordered deadline of October 13, 2015, to respond to Defendant's discovery requests. (Mins. of Proceedings (ECF No. 27).) Based on the parties' representations and the evidence in the court's docket, it is the court's understanding that as of the date of this order, Plaintiff still has not responded to Defendant's discovery requests. Although Plaintiff states that the only discovery requests he received were the release forms, Plaintiff does not explain why he did not raise this argument at the show cause hearing or in response to Defendant's various motions in which the discovery requests were attached or referenced. Plaintiff's repeated failures to participate in discovery and to comply with the court's orders are inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. As such, this factor weighs in favor of dismissal sanctions.

### B.  Management of the Court's Docket

A district court's inherent power to control its docket includes the ability to issue sanctions of dismissal. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir 1986). The sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League*, 427 U.S. at 642 (1976). Here, Plaintiff failed to comply with the court's order to show cause, he failed to provide responses to written discovery within 30 days of the court's order on the motion to compel, and he failed to meet the second court-ordered deadline of October 13, 2015, to respond to discovery. Plaintiff's failures have made it impossible for this case to move forward and for the court to effectively manage its docket. As such, this factor weighs in favor of dismissal sanctions.

### C.     Prejudice to Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990).  Plaintiff's repeated failure to comply with this court's orders have not only made it impossible for this case to move forward, but are prejudicial to Defendant, who is entitled to conduct discovery, proceed to trial, and obtain a "rightful decision" in this case.  As such, this factor weighs in favor of dismissal sanctions.

### D.     Disposition of Cases on Merits

The public policy favoring disposition of cases on the merits weighs against dismissal of a case. *Phenylpropanolamine*, 460 F.3d at 1228.  Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." *Id.* (quotation omitted).  Given that Plaintiff is responsible for moving this case forward, his failure to do so has caused delay and thwarted progress.  As such, this factor weighs in favor of dismissal sanctions.

### E.     Less Drastic Sanctions

A court must consider the adequacy of less drastic sanctions before imposing dismissal sanctions. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).  In determining whether less drastic sanctions are appropriate, a court must consider: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed before ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id.* at 132.

Here, the court provided Plaintiff multiple opportunities to provide discovery as is required to move this case forward.  Regardless, Plaintiff failed to comply with the court's orders on multiple occasions.  Plaintiff was specifically warned that failure to respond to the court's order to show cause may result in a recommendation to the district judge that his case be dismissed.  Plaintiff's conduct makes it impossible for this case to proceed and there is no indication Plaintiff will eventually comply with the court's discovery orders.  As such, this factor weighs in favor of dismissal sanctions.

**F.      Conclusion**

Given that these factors all weigh in favor of dismissal, the court will recommend that Plaintiff's complaint be stricken and that Plaintiff's case be dismissed with prejudice as a sanction for Plaintiff's refusal to respond to written discovery and to comply with the court's orders.  Given that the court is recommending dismissal sanctions, the court will not impose an additional sanction of awarding attorney's fees and costs.  The court therefore will deny Defendant's motion for attorney's fees.  Finally, given that it is recommending dismissal, the court will deny Plaintiff's motion requesting to reschedule the early neutral evaluation as moot.

## III.      ORDER AND RECOMMENDATION

IT IS THEREFORE ORDERED that  Defendant GlobalOptions Services, Inc.'s Motion for Attorney's Fees (ECF No. 37) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Patrick M. Hardy's Motion to Vacate Order Vacating Early Neutral Case Evaluation (ECF No. 43) is DENIED as moot.

IT IS RECOMMENDED that Defendant GlobalOptions Services, Inc.'s Renewed Motion for Sanctions (ECF No. 38) be GRANTED, that the court STRIKE Plaintiff Patrick M. Hardy's complaint (ECF No. 7), and that this case be DISMISSED with prejudice.

## IV.      NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 15, 2016.


_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

7